✎AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
            Sheet 1

# UNITED STATES DISTRICT COURT

|  WESTERN  | District of | ARKANSAS |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For **Revocation** of Probation or Supervised Release) |

| JAMES ANTHONY BARRON | Case Number: | 6:97CR60009-001 |
|---|---|---|
| | USM Number: | 05157-010 |

Lisa Peters
Defendant's Attorney

**THE DEFENDANT:**

X  admitted guilt to violation of condition(s) **As shown on Page 2 violations** of the term of supervision.

X  was found in violation of condition(s) **As shown on Page 2(a)**

    The defendant is sentenced as provided in pages 2 through **5** of this judgment, with the court considering the sentencing guidelines as non-binding and advisory only.

X The defendant has not violated condition(s) **As shown on Page 2(b)** as to such violation of conditions.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| Defendant's Soc. Sec. No.: | XXX-XX-8497 | June 1, 2011 |
|---|---|---|
| | | Date of Imposition of Judgment |
| Defendant's Date of Birth: | XX/XX/1974 | |
| | | /S/ Jimm Larry Hendren |
| | | Signature of Judge |
| Defendant's Residence Address: | | |
| XXXXXXXXXXXXX | | |
| Hot Springs, AR 71913 | | Honorable Jimm Larry Hendren, Chief United States District Judge |
| | | Name and Title of Judge |
| | | |
| | | June 10, 2011 |
| | | Date |
| Defendant's Mailing Address: | | |
| Same as above | | |

DEFENDANT: JAMES ANTHONY BARRON
CASE NUMBER: 6:97CR60009-001

# ALLEGATIONS ADMITTED/DENIED BY THE DEFENDANT

**A. February 3, 2011, Petition:**

 1. <u>Standard Condition 3</u> – on October 5, 2010, failed to follow instructions of Probation Officer to contact Express Temporary Services, Inc. to seek employment.

   **Admitted on 2/18/11, and taken under advisement until 9/5/11.**

 2. <u>Standard Condition 3</u> – on November 5, 2010, failed to follow instructions of Probation Officer (a) to contact Express Temporary Services, Inc. to seek employment, and (b) to update the probation officer regrading this contact on 11/9/10.

   **Admitted on 2/18/11, and taken under advisement until 9/5/11.**

 4. <u>Standard Condition 6</u> – failed to notify the probation officer at least ten days prior to a change in employment as he started work at a local pool hall (Pocket's Full) on or about 11/17/10, but did not notify the probation office of that fact until 12/7/10.

   **Admitted on 2/18/11, and taken under advisement until 9/5/11.**

 5. <u>Standard Condition 6</u> – failed to report to the probation office as required within the first five days of December 2010.

   **Admitted on 2/18/11, and taken under advisement until 9/5/11.**

 6. <u>Standard Condition 3</u> – on January 5, 2011, defendant admitted that he had failed to follow the December 7, 2010, instructions of the probation officer to contact Express Temporary Services, Inc. to seek employment.

   **Admitted on 2/18/11, and taken under advisement until 9/5/11.**

**B. February 8, 2011, Supplemental Petition:**

 1. <u>New Law Violation</u>: On 2/7/11, defendant confirmed to the probation officer that his driver's license was still suspended – however, U. S. Probation Officer David Benefield saw defendant enter a white Saturn sedan and drive it away.

   **Admitted on 2/18/11, and taken under advisement until 9/5/11.**

**C. April 8, 2011, Petition:**

 1. <u>Use of Controlled Substance</u>: A urine sample submitted by defendant on April 1, 2011, tested positive for cocaine.

   **Denied on June 1, 2011, but judicially determined to be a violation on that date.**

 2. <u>Standard Condition No. 5</u>: Despite being required to work regularly at a lawful occupation, defendant is unemployed as of April 18, 2011, and has reported only four employment contacts between March 4, and April 5, 2011.

   **Admitted on June 1, 2011.**

**D. May 18, 2011, Supplemental Petition:**

 1. <u>Standard Condition No. 5</u>: Despite being required to work regularly at a lawful occupation, defendant is unemployed as of May 18, 2011, and has reported only four employment contacts between April 18 and May 5, 2011 – with those occurring on May 2, 2011, May 3, 2011 and May 5, 2011.

   **Admitted on June 1, 2011.**

 2. <u>Standard Condition No. 3/New Law Violation</u>: During an office visit on May 5, 2011, the defendant advised the probation officer that he had not been driving and that he had walked to the office. After the interview, U. S. Probation Officer David Benefield saw defendant enter the driver's side of a black Cadillac (AR license plate No. 614-OAN) and drive away. He was the lone occupant of the vehicle. It was then confirmed that, as of May 18, 2011, the defendant's license was still suspended.

   **Denied on June 1, 2011, but on that date judicially determined to be a violation of Standard Condition No. 3 (not being truthful with probation officer) and a new law violation (driving while driver's license suspended).**

DEFENDANT:        JAMES ANTHONY BARRON
CASE NUMBER:   6:97CR60009-001

# FINDINGS OF GUILT BASED ON ADMISSION AND/OR PROOF

**A. Defendant is found guilty of the following allegations included in the February 3, 2011, Petition:**

   1. Standard Condition 3 – on October 5, 2010, failed to follow instructions of Probation Officer to contact Express Temporary, Services, Inc. To seek employment.

   2. Standard Condition 3 – on November 5, 2010, failed to follow instructions of Probation Officer (a) to contact Express Temporary Services, Inc. to seek employment, and (b) to update the probation officer regarding this contact on 11/9/10.

   4. Standard Condition 6 – failed to notify the probation officer at least ten days prior to a chance in employment as he started work at a local pool hall (Pocket's Full) on or about 11/17/10, but did not notify the probation office of that fact until 12/7/10.

   5. Standard Condition 6 – failed to report to the probation office as required within the first five days of December 2010.

   6. Standard Condition 3 – on January 5, 2011, defendant admitted that he had failed to follow the December 7, 2010, instructions of the Probation Officer to contact Express Temporary Services, Inc. To seek employment.

**B. Defendant is found guilty of the following allegations included in the February 8, 2011, Supplemental Petition:**

   1. New Law Violation: On 2/7/11, defendant confirmed to the probation officer that his driver's license was still suspended – however, U. S. Probation Officer David Benefield saw defendant enter a white Saturn sedan and drive it away.

**C. Defendant is found guilty of the following allegations included in the April 8, 2011, Petition:**

   1. Use of Controlled Substance: A urine sample submitted by defendant on April 1, 2011, tested positive for cocaine.

   2. Standard Condition No. 5: Despite being required to work regularly at a lawful occupation, defendant is unemployed as of April 18, 2011, and has reported only four employment contacts between March 4 and April 5, 2011.

**D. Defendant is found guilty of the following allegations included in the May 18, 2011. Supplemental Petition:**

   1. Standard Condition No. 5: Despite being required to work regularly at a lawful occupation, defendant is unemployed as of May 18, 2011, and has reported only four employment contacts between April 18 and May 5, 2011 – with those occurring on May 2, 2011, May 3, 2011 and May 5, 2011.

   2. Standard Condition No. 3/New Law Violation: During an office visit on May 5, 2011, the defendant advised the probation officer that he had not been driving and that he had walked to the office. After the interview, U. S. Probation Officer David Benefield saw defendant enter the driver's side of a black Cadillac (AR license plate No. 614-OAN) and drive away. He was the lone occupant of the vehicle. It was then confirmed that, as of May 18, 2011, defendant's license was still suspended.

DEFENDANT: JAMES ANTHONY BARRON
CASE NUMBER: 6:97CR60009-001

## ALLEGATIONS DISMISSED BY THE COURT

**A.  The following allegations included in the February 3, 2011, Petition are dismissed as the defendant denied them and no evidence was presented to prove them:**

   3.  <u>Standard Condition 6</u> – The defendant has failed to maintain full-time employment as directed by the probation officer.  Since his release from incarceration on 9/5/10, his only reported employment has been as kitchen help at a local pool hall since on or about 11/17/10.  On 2/2/11, Barron advised the probation officer that he was working "2 or 3 hours a day" "a couple of days" a week.

   7.  <u>Standard Conditions 2 and 3</u> – the defendant has reported a residence of 105 Lowrey, Apt. 1305, Hot Springs, Arkansas, since his release.  Since that time, the probation office has attempted to visit the defendant on no fewer than seven occasions at this address without success.  In addition, on 12/7/10, Barron advised the probation officer that, although he was residing with his sister on Lowrey Street, he was spending his days at the residence of his girlfriend Tasha Dooley in Hot Springs.  Barron then gave two possible addresses on Marion Anderson Road in Hot Springs for Ms. Dooley.  The probation officer subsequently attempted to contact the offender at these residences.  However, the occupants of both residences advised the probation officer that they did not know the defendant or his girlfriend.  On 1/5/11, Barron was confronted with this information and advised the probation officer that his girlfriend had resided on Lakeshore Drive in Hot Springs since approximately Thanksgiving, 2010.  On 1/12/11 the defendant advised the probation officer that his girlfriend resided at 1931 Lakeshore Drive in Hot Springs.  The probation officer was subsequently able to contact the offender at this address at 7:00 a.m. on 2/2/11.  The probation officer believes that defendant Barron is reporting that he resides with his sister while he is in fact residing elsewhere without the permission of the probation officer.

DEFENDANT: JAMES ANTHONY BARRON
CASE NUMBER: 6:97CR60009-001

Judgment — Page 3 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of : **nine (9) months**. No supervision will follow term of imprisonment.

☐ The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  JAMES ANTHONY BARRON
CASE NUMBER:  6:97CR60009-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ - 0 - | $ 5,000.00* | $ - 0 - |

*Balance owed on original fine $3,022.88

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  X  the interest requirement is waived for the    X  fine    ☐  restitution.

  ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page  5  of  5

DEFENDANT: JAMES ANTHONY BARRON
CASE NUMBER: 6:97CR60009-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  Lump sum payment of $ __3,022.88__ due immediately, balance due

   ☐ not later than _____ , or
   X in accordance with  ☐ C,   ☐ D,   ☐ E, or   X F below); or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

   If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of incarceration at a rate of not less than $25.00 quarterly, or 10% of the defendant's quarterly earnings, whichever is greater.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.